Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| BLOSSOM OLD BULL, Personal Representative of the Estate of Braven Glenn, | ) ) ) | **COMPLAINT** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA and DOES 1-10, | ) ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

1.     Blossom Old Bull is an enrolled tribal member of the Lower Brule Indian

Tribe and a citizen of the State of Montana. She is the surviving mother and

personal representative of the Estate of Braven Glenn, who died in a vehicle crash

on November 24, 2020, when Crow police pursued him at high speeds.

2.     This Court has jurisdiction over this cause of action pursuant to the Federal

Tort Claims Act, 28 U.S.C. 2671, *et seq*., because the claim arises from conduct of

federal government agents and Plaintiff has exhausted administrative remedies.

3.     This Court has exclusive jurisdiction over tort claims brought against the

United States pursuant to 28 U.S.C. § 1346(b).

4.     This Court also has subject matter jurisdiction over claims specified in this

Complaint pursuant to 42 USC §1983, 28 USC §1331, 28 USC §1343, and 42 USC

§1988.  Plaintiff also seeks redress for violations of protections afforded under the

Montana Constitution.

5.     Plaintiff filed Federal Tort Claim Act claims on March 23, 2022. The

government has denied the claims, therefore Plaintiff's claims are now ripe for

adjudication.

6.     Jurisdiction for state law claims against all Defendants pursuant to the law

of the State of Montana is conferred upon this Court pursuant to 28 U.S.C. §1367.

7.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e) and 1402(b),

and LR 3.2. Big Horn County is located in the Billings Division of the United States

District Court for the District of Montana. The events giving rise to the claims in

this case occurred in this judicial district.

8.      Plaintiff Blossom Old Bull is the Personal Representative of the Estate of

Braven Glenn and is a citizen of the State of Montana and a resident of Crow

Agency, Montana.

9.      Defendants Does 1-10 are individuals whose true identities and capacities

are as yet unknown to Plaintiff and her counsel, despite diligent inquiry and

investigation, and who acted herein as described more particularly below in

connection with the breaches of duties and/or violations of law alleged here and

who in some manner or form not currently discovered or known to Plaintiff may

have contributed to or be responsible for the injuries alleged here. The true

names and capacities of the Doe Defendants will be substituted as they become

known. It is unknown to Plaintiff if Defendants Does 1-10 hold a Special Law

Enforcement Commission from the Bureau of Indian Affairs and whether they are

considered "investigative or law enforcement officers" under 28 USC §2680(h),

thus Plaintiff has brought claims here against Defendant Does 1-10 individually as

well as the United States.

**FACTUAL ALLEGATIONS**

10.     On November 24, 2020, Braven Glenn, 17-year-old son of Blossom Old Bull,

died in a motor vehicle crash while being pursued at high speeds by Bureau of

Indian Affairs police and/or tribal police on the Crow Indian Reservation in Montana.

11.    The police pursued Braven Glenn at excessive, unwarranted, and unsafe rates of speed.

12.    Around 10:00 pm on November 24, 2020, BIA Officer Jose Figueroa Jr. came to Blossom Old Bull's home and informed Keenan Roth, Braven's brother, that BIA officers had "clocked" Braven driving in excess of the speed limit and initiated a car chase that at times exceeded 90 miles per hour.

13.    On Braven's death certificate, the time of injury is 6:57pm.

14.    Officer Figueroa told Blossom's family that Braven drove head on into a train and his vehicle caught on fire.

15.    The officer told the family there was another person involved in the crash named Emmett "Trey" Old Bull III, and that Braven's body had been taken to the Bullis Mortuary in Hardin.

16.    On November 25, 2020, Blossom went to the Bullis Mortuary at 10:00 am. Terry Bullis told Blossom that Braven had been chased by the police and collided with a train in Benteen, Montana, and that, "The vehicle was dragged by the train for a mile and was derailed and caught on fire."

17.     Terry Bullis' spouse told Blossom that Braven had been ejected from the vehicle before the vehicle caught on fire, and that, "His body was okay because he was ejected from the vehicle."

18.     Blossom was not allowed to see Braven's body, which had been transported to Missoula for an autopsy.

19.     Braven had survived the crash and had been ejected from the vehicle, but the police, including tribal and BIA officers, did not provide any medical attention to Braven, and prevented other people from providing medical attention to Braven.

20.     Braven had screamed and cried out for help for 30 minutes after the crash, but that the police, including tribal and BIA officers, prevented people from approaching or helping Braven.

21.     On January 27, 2021, Blossom received a call from Daryl Nordquist, the Big Horn County Coroner, who told Blossom that he had Braven's toxicology report.

22.     Nordquist told Blossom that Braven's BAC was .142 and stated that this was "twice the legal limit." Nordquist also told Blossom that Braven had THC level of 8.5 +- -1.1.

23.    On March 25, 2021, Big Horn County Ambulance Director Daniele O'Banion told Blossom's family that the BIA had called dispatch for an ambulance for Braven, but then cancelled the ambulance.

24.    This suit seeks money damages as compensation for the injuries and death that were caused by the negligent and wrongful acts and omissions of employees of the United States Government acting within the scope of their office and employment, under circumstances where the United States, if a private person, would be liable in accordance with the laws of the State of Montana, as well as the negligent and wrongful acts of Defendant Does 1-10.

25.    The United State is liable for the actions and conduct of its agents, including Defendant Does, as alleged in this Complaint, as they were acting within the course and scope of their employment as tribal police officers.

26.    Defendant Does' employer is liable for their actions as alleged in this Complaint, as they were acting in the course and scope of their employment.

27.    While acting under the color of state law, Does and agents of Defendant United States subjected Braven Glenn to deprivation of rights, privileges, or immunities secured by the United States Constitution.

28.    Does and agents of Defendant United States acted with deliberate indifference to the substantial risk of serious harm to Braven Glenn.

29.     The acts of Defendant Does and the acts of the agents of Defendant United States shock the conscience and offend the community's sense of fair play and decency, and resulted in harm to Braven Glenn.

30.     At all times pertinent, Defendants were subject to a duty of care under law to protect Braven Glenn's constitutional, statutory, and common law rights. Defendants and their agents breached the applicable standards of care, including negligent violation of Braven Glenn's constitutional, statutory, and common law rights, and negligent performance of official duties.

31.     The conduct of Defendant Does and the conduct of the agents of Defendant United States caused the wrongful death of Braven Glenn.

**COUNT 1**
**42 USC § 1983**
**INDIVIDUAL LIABILITY**
**(Does 1-10)**

32.     Plaintiff hereby incorporates all previous paragraphs.

33.     At all times in which they interacted with Braven Glenn on or about November 24, 2020, Defendant Does acted under color of law, statutes, ordinances, rules, regulations, customs, policies, practices, and/or usages of the Crow Tribal Police and/or BIA law enforcement.

34.    At all times in which they interacted with Braven Glenn on or about

November 24, 2020, Defendant Does acted within the course and scope of their

employment.

35.    Defendant Does, while acting under color of law, deprived Braven Glenn of

his civil rights under the Fourth Amendment.

36.    Defendant Does, while acting under color of law, deprived Braven Glenn of

his civil rights under the Fourteenth Amendment to due process of law.

37.    The acts and omissions of Defendant Does, while carried out under color of

law, have no justification or excuse in law, and instead constitute a gross abuse of

governmental authority and power, shock the conscience, are fundamentally

unfair, arbitrary and oppressive, and unrelated to any activity in which

governmental officers may appropriately and legally undertake in the course of

protecting persons or property, or ensuring civil order. The above acts and

omissions were consciously chosen from among various alternatives.

38.    Each of the foregoing acts and/or omissions in this Count directly and

proximately caused or contributed to Braven Glenn's constitutional deprivations,

injuries, and damages. Braven Glenn suffered great mental and physical pain and

wrongful death, and he sustained damages in a sum to be determined at trial.

**COUNT 2**
**42 USC § 1983**
**ENTITY LIABILITY**
**(Does 1-10)**

39.    Plaintiff hereby incorporates all previous paragraphs.

40.    The Crow Tribal Police and/or BIA law enforcement established policies, customs, and practices that caused the violation of Braven Glenn's rights under the United States Constitution.

41.    The policies, customs, and practices implicitly or explicitly adopted by the Crow Tribal Police amounted to deliberate indifference to and conscious disregard of Braven Glenn's constitutional rights and ratification of violation of those rights.

42.    Defendant Does were not properly trained or supervised, and these failures to train and supervise Defendant Does were the moving force behind these constitutional violations.

43.    These constitutional violations were acts of official governmental policies.

44.    Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Braven Glenn's constitutional deprivations, injuries, and damages. Braven Glenn suffered great mental and physical pain and wrongful death, and he sustained damages in a sum to be determined at trial.

**COUNT 3**

## MONTANA CONSTITUTIONAL RIGHTS
### (Does 1-10)

45.     Plaintiff hereby incorporates all previous paragraphs.

46.     Pursuant to the Montana Constitution, *see Dorwart v. Caraway*, 58 P.3d

128 (Mont. 2002), Braven Glenn had the fundamental, inalienable, and self-

executing rights to individual privacy; to be secure in his person, papers, home,

and effects from unreasonable searches and seizures; and not to be deprived of

life, liberty, or property without due process of law.

47.     Defendants' acts and omissions related to the incident involving Braven

Glenn on November 24, 2020, violated Braven Glenn's constitutional rights.

48.     Braven Glenn had the right to seek recourse against those who violated his

constitutional rights, and Plaintiff is pursuing recourse on his behalf.

49.     Each of the foregoing acts and/or omissions in this Count directly and

proximately caused or contributed to Braven Glenn's constitutional deprivations,

injuries, and damages, and Braven Glenn is entitled to compensatory damages

and attorneys' fees for Defendants' violations of his state constitutional rights.

### COUNT 4
### NEGLIGENCE
### (United States and Does)

50.     Plaintiff hereby incorporates all previous paragraphs.

51.     At all times in which they interacted with Braven Glenn on or about

November 24, 2020, Defendant Does acted within the course and scope of their

employment.

52.     At all times pertinent to this Complaint, Defendant Does were subject to a

duty of care under state law in the exercise of the police function to protect

Braven Glenn's constitutional, statutory, and common law rights. The conduct of

Defendants as set forth in this Complaint does not comply with the standard of

care, and included negligent pursuit; negligent training, supervision and discipline

of law enforcement officers; negligent enactment, enforcement, and violation of

law enforcement policies and procedures; negligent violation of Braven Glenn's

constitutional, statutory, and common law rights; and negligent performance of

official duties.

53.     Defendant Does, including agents of the United States, negligently failed to

provide necessary and timely medical aid to Braven Glenn.

54.     As a direct and proximate result of Defendants' negligence, Braven Glenn

suffered injuries and death.

**COMPENSATORY DAMAGES**

55.     As a direct result of Defendants' unlawful conduct, Braven Glenn suffered

violations of his constitutional rights as set forth above.

56.     As a direct and proximate result of Defendants' unlawful conduct, Braven

Glenn suffered physical and emotional pain and injuries and death.

57.     Plaintiff should receive lawful damages under Montana's survival statute,

MCA § 27-1-501, and wrongful death statute, MCA § 27-1-513, as follows:

> A.      For the wrongful death of Braven Glenn and the loss of economic and
>
> family support, expected future earnings, as well as the
>
> companionship, affection, society, consortium, comfort, and services
>
> he provided to his family;
>
> B.      For Braven Glenn's mental anguish, pain, and suffering before he
>
> died;
>
> C.      For Braven Glenn's funeral and burial costs.

## ATTORNEYS' FEES

58.     Pursuant to 42 USC § 1988, the Court may allow an award of attorneys' fees

to Plaintiff if she prevails on claims asserted under 42 USC § 1983.

59.     Plaintiff is entitled to recover reasonable attorneys' fees for violations of

state constitutional rights under Montana's private attorney general doctrine.

## RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to grant the following

relief:

1.      For damages in a reasonable amount to compensate Plaintiff fully for

deprivation of Braven Glenn's constitutional rights;

2.      For damages in a reasonable amount to compensate Plaintiff fully for

Braven Glenn's injuries and death;

3.      For attorneys' fees pursuant to 42 USC §1988;

4.      For reimbursement of costs and expenses of suit; and

5.      For such further relief as the Court deems fair and just.

        Dated this 3rd day of October, 2022.

                                        /s/Timothy M. Bechtold
                                        BECHTOLD LAW FIRM

                                        Attorneys for Plaintiff