IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BLOSSOM OLD BULL, Personal Representative of the Estate of Braven Glenn, | CV 22-109-BLG-SPW-KLD |
| Plaintiff, | ORDER |
| vs. | |
| UNITED STATES OF AMERICA, and Does 1-10 | |
| Defendants. | |

Complaint having been filed, pursuant to Rule 16 of the Federal Rules of Civil Procedure and L.R. 16.1, 16.2 and 26.1,

**IT IS ORDERED:**

1.   All attorneys admitted to the Bar of this Court shall take steps to register in the Court's electronic filing system ("CM-ECF"), and shall begin filing electronically as soon as possible. Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office.

2.   Pursuant to Fed. R. Civ. P. 16(a), a preliminary pretrial conference is scheduled for **February 2, 2023 at 11:00 a.m.** The preliminary pretrial conference will be conducted by Zoom. The Clerk of Court will notify counsel via e-mail of the meeting ID and password in advance of the conference. Zoom Guidance and Setup available at: https://www.mtd.uscourts.gov/zoom-hearings.

The conference is intended to develop a case-specific plan for discovery and a schedule for disposition of the case. Counsel, and any individual proceeding pro se, should prepare to take part in meaningful discussions of material contained in the pretrial statements. The case management plan resulting from the preliminary pretrial conference is not subject to revision absent compelling reasons.

3.   RESPONSIBILITY OF PLAINTIFF OR PLAINTIFF'S COUNSEL. This order is issued at the outset of the case, and a copy is delivered by the Clerk of Court to counsel for Plaintiff, or to Plaintiff if appearing pro se. **Plaintiff's counsel (or Plaintiff if pro se) is directed to deliver a copy of this order to each other party within ten days after receiving notice of that party's appearance. Plaintiff's case may be dismissed without prejudice if Plaintiff fails to inform opposing parties, or opposing parties' counsel of the pretrial conference.**

4.   Pursuant to Rule 26(d), a party may commence discovery immediately upon providing its Rule 26(a)(1) Initial Disclosure to opposing parties.

5.   If it is impossible for lead trial counsel, or for a party appearing pro se to attend the preliminary pretrial conference at the above time, application for an extension of time must be made by motion to the Court no less than fourteen (14) days before the conference. The motion must certify that all parties have been contacted concerning the extension and state whether any opposing party objects. Requests to change the pretrial conference date will not be granted absent a demonstrated showing of good cause. Lead counsel, and any individual proceeding pro se, are expected to appear in person.

6.   On or before **January 12, 2023,** lead counsel for the respective parties, and any individual appearing pro se, shall confer to consider the matters listed in Fed. R. Civ. P. 26(f).   On or before **January 26, 2023,** the parties shall file with the Court a written report outlining the joint discovery plan formulated at the conference. The joint discovery plan should be filed by a registered CM-ECF user. If no party is so registered, Plaintiff shall be responsible for filing the discovery plan.

Pursuant to Fed. R. Civ. P. 26(f)(3)(B), the parties will design the joint discovery plan to require simultaneous disclosure of all liability experts. Plaintiff's damages experts shall be disclosed on the same day. Defendant's damages experts shall be disclosed thirty days thereafter. Expert disclosures must comply with Fed. R. Civ. P. 26(a)(2)(B) on or before the deadline for disclosure. Discovery shall close thirty to sixty days after the deadline for disclosure of Defendant's damages experts. The parties should propose a date certain for the close of discovery. Other dates, including a motions deadline and a trial date, will be set at the preliminary pretrial conference.

The parties should also bear in mind that, as the case develops, they may agree among themselves to extend discovery. Fed. R. Civ. P. 29.   However, the

discovery deadline set by the Court will not be continued, nor will the Court entertain discovery motions based on post-deadline occurrences.

7.   On or before **January 26, 2023,** each party shall file a preliminary pretrial statement. The statement shall address all matters listed in L.R. 16.2(b)(1). The statement shall also identify any issues relating to the disclosure or discovery of electronically stored information including (a) issues pertaining to the preservation of such information and (b) issues relating to the form or forms in which such information should be produced. See Fed. R. Civ. P. 16(b)(3)(B)(iii), 26(f)(3)(C).

8.   On or before **January 26, 2023,** Plaintiff shall separately file a Statement of Stipulated Facts to which all parties agree, pursuant to L.R. 16.2(b)(3).

9.   Each party to the case must be represented at the pretrial conference by at least one person with authority to enter stipulations. Any individual proceeding pro se may not be represented by any other individual, and must represent him or herself at the conference. The Court intends to implement Rule 1 and Rule 16 of the Federal Rules of Civil Procedure to the fullest extent possible.

10.   PARTIES ARE ADVISED THAT INCOMPLETE OR INADEQUATE INFORMATION ON THE PRELIMINARY PRETRIAL STATEMENT WILL BE DEEMED AN ADMISSION BY THE PARTY THAT THE MATTER IS NON-COMPLEX AND MAY RESULT IN THE CASE BEING SET ON AN EXPEDITED TRIAL DOCKET.

DATED this 4th day of October, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge

3