JOHN M. NEWMAN
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E Front Street, Suite 401
Missoula, MT 59802
Phone: (406) 829-3336
Fax: (406) 542-1476
Email: john.newman@usdoj.gov

ABBIE J.N. CZIOK
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5268
Fax: (406) 457-5130
Email: abbie.cziok@usdoj.gov

Attorneys for Defendant
United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| BLOSSOM OLD BULL,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, and DOES 1-10,<br><br>Defendants. | CV 22-109-BLG-SPW-KLD<br><br>DEFENDANT UNITED STATES OF AMERICA'S ANSWER TO FIRST AMENDED COMPLAINT |

Defendant United States of America answers Plaintiff's First Amended Complaint as follows:

## INTRODUCTION

1. The United States admits that Braven Glenn died on November 24, 2020, following an attempt by Crow Nation Tribal Police to initiate a traffic stop. It also admits that Blossom Old Bull is the personal representative of the Estate of Braven Glenn. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies.

2. The allegations in Paragraph 2 are legal conclusions to which no response is required. To the extent a response is required, denied.

3. The allegations in Paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, denied.

4. The allegations in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, denied.

5. The United States admits that the Department of the Interior received an FTCA administrative submission on March 23, 2022, for Blossom Old Bull purportedly on behalf of the Estate of Braven Glenn. The Department denied the claim on September 30, 2022. The United States denies the remaining allegations.

6. The allegations in Paragraph 6 are legal conclusions to which no response is required, and they appear to be directed to other defendants. To the extent a response is required, denied.

7. The allegations in Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, denied.

8.–9. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 8 and 9 and therefore denies.

## FACTUAL ALLEGATIONS

10. The United States admits that Braven Glenn died on November 24, 2020, in an accident following an attempt by Crow Nation Tribal Police to initiate a traffic stop. The United States denies that any federal employees were involved in the attempt to initiate a traffic stop or any alleged pursuit. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies.

11. The United States denies that any federal employees were involved in the attempt to initiate a traffic stop or any alleged pursuit. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies.

12. Denied.

13. The United States admits that a collision occurred with Braven Glenn's vehicle and a train. As to the remaining allegations, the United States lacks

knowledge or information sufficient to form a belief about their truth and therefore denies.

14. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies.

15. Denied.

16. Denied.

17. Denied.

18. The United States admits that BIA Officer Figueroa Jr. visited the home of Blossom Old Bull on November 24, 2020, and spoke to Braven Glenn's brother. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies.

19. Denied.

20. The United States admits that Officer Figueroa spoke with Braven Glenn's brother. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies.

21. The United States admits that Officer Figueroa asked Kevin Old Bull to ID the decedent at the Bullis Funeral home. The United States denies the remaining allegations.

22.–24.   The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 22 through 24 and therefore denies.

25.   The United States denies that any BIA officers or other federal employees were present when Braven Glenn died. It also denies that any BIA officers or other federal employees prevented other people from providing medical attention to Braven Glenn. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies.

26.   Denied.

27.–28.   The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 27 and 28 and therefore denies.

29.   The United States denies that a BIA employee requested an ambulance or cancelled an ambulance relating to this incident. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies

30. The allegations in paragraph 30 are legal arguments and statements of counsel to which no response is necessary. To the extent a response is necessary, the United States denies.

31. The United States only admits that any involved BIA officers were acting within the scope of their employment with the United States. The remaining allegations are denied.

32. The allegations in paragraph 32 are directed to other parties, so no response is required. To the extent a response from the United States is required, it lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies.

33.–35. The allegations in paragraphs 33 through 35 are denied.

36. The allegations in paragraph 36 include conclusions of law to which no response is required. To the extent a response is required on such conclusions, and as to other allegations, the United States denies.

37. Denied.

## COUNT 1 – 42 USC § 1983

## Individual Liability (Does 1-10)

38. The United States incorporates all previous responses.

39.–44.  The claims set forth in paragraphs 39 through 44 are not directed to the United States, so no response is required. To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies.

## COUNT 2 – 42 USC § 1983

### Entity Liability (Does 1-10)

45.  The United States incorporates all previous responses.

46.–50.  The claims set forth in paragraphs 46 through 50 are not directed to the United States, so no response is required. To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies.

## COUNT 3 – MONTANA CONSTITUTIONAL RIGHTS

### (Does 1-10)

51.  The United States incorporates all previous responses.

52.–55.  The claims set forth in paragraphs 52 through 55 are not directed to the United States, so no response is required. To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies.

## COUNT 4 – NEGLIGENCE

## (United States and Does)

56. The United States incorporates all previous responses.

57. The allegations in paragraph 57 are not directed to the United States, so no response is required. To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies.

58. The allegations in paragraph 58 are not directed to the United States, so no response is required. To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies.

59.–60. The allegations in paragraphs 59 and 60 are denied.

## COMPENSATORY DAMAGES

61.–63. The allegations in paragraphs 61 through 63 are denied.

## ATTORNEYS' FEES

64.–65. The allegations in paragraphs 64 and 65 are denied.

## GENERAL DENIAL

Defendant denies all allegations of the Complaint, including prayers for relief, not expressly admitted in the Answer.

# AFFIRMATIVE DEFENSES

1. This Court lacks jurisdiction over the subject matter of the action.

2. The Complaint fails to state a claim upon which relief can be granted.

3. Defendant United States, through its employees and agents, acted with due care and diligence at all relevant times, and no acts or omissions by the United States were the proximate cause of any injury to the Plaintiff.

4. The United States was not the employer of any member of the Crow Tribal Police Force. The United States cannot be held liable under the FTCA for their negligence. *See* 28 U.S.C. §§ 1346(b)(1), 2671

5. Plaintiff is not entitled to a jury trial. Any action against the United States pursuant to 28 U.S.C. § 1346 shall be tried by the court without a jury.

6. The negligence of the Plaintiff was the proximate cause of and contributed to any alleged injuries or damages sustained, barring recovery, or alternatively, mandating that any recovery be proportionately reduced. Mont. Code Ann. § 27-1-702.

7. Plaintiff's recovery, if any, may be diminished by the comparative fault of other defendants or of non-parties. Mont. Code Ann. §§ 27-1-702, -703.

8. The United States may be entitled to a collateral source offset under Montana Code Annotated § 27–1–308.

9. Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims Act. *See* 28 U.S.C. §§ 2674, 2675(b).

10. Plaintiff cannot recover attorney's fees. 28 U.S.C. § 2412(d)(1)(A),

The United States may have further and additional defenses which are not yet known but which may become known through future discovery.

### UNITED STATES' REQUEST FOR RELIEF

The United States requests that Plaintiff take nothing by way of the Complaint, that this case be dismissed, and for any other relief the Court deems just and appropriate.

DATED this 27th day of December, 2022.

                        JESSE A. LASLOVICH
                        United States Attorney


                        /s/ Abbie J.N. Cziok
                        JOHN M. NEWMAN
                        ABBIE J.N. CZIOK
                        Assistant U.S. Attorneys
                        Attorneys for Defendant United States

# CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2022, a copy of the foregoing document was served on the following person by the following means.

| | |
|---|---|
| __1, 2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | U.S. Mail |
| _____ | USAfx |
| _____ | E-Mail |

1. Clerk of Court

2. Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, Montana 59807-7051
(406) 721-1435 – phone
tim@bechtoldlaw.net
*Attorney for Plaintiff*

/s/ Abbie J.N. Cziok
Assistant U.S. Attorney
Attorney for Defendant United States