Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
317 East Spruce Street
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
tim@bechtoldlaw.net

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| BLOSSOM OLD BULL, Personal Representative of the Estate of Braven Glenn,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and DOES 1-10,<br><br>Defendants. | **CV 22-109-BLG-KLD**<br><br>**JOINT DISCOVERY PLAN** |

Pursuant to Fed. R. Civ. P. 26(f)(3), Local Rule 16.2(b), and this Court's order of October 4, 2022 (Dkt#3), the parties jointly submit the following discovery plan:

**(A)  What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

1

The parties shall exchange initial disclosures on or before 60 days after the preliminary pretrial conference in this matter. In this regard, the parties acknowledge the form of the disclosures shall comply with the prescriptions of Federal Rule of Civil Procedure 26(a)(1).

**(B)   The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties agree that relevant subjects of discovery include the incident involving the death of Braven Glenn and any damages alleged by Ms. Old Bull. Likely areas of expert testimony include the applicable standards of care for police officers and the particular treatment received by Braven Glenn. The parties agree that general discovery relevant to the claims and defenses in this case should serve to satisfy the requirements of Rule 26, including written discovery, depositions, and if necessary, Rule 34 inspections.

Regarding an appropriate schedule for the completion of discovery and disposition of pre-trial matters, the parties have conferred and propose the following schedule to the Court:

**1.   Completion of Discovery**

The parties shall complete discovery by December 29, 2023.

**2.   Expert Disclosures**

(a) Plaintiff's liability and damage expert disclosures and Defendant's liability expert disclosures shall be made on or before October 6, 2023.

(b) Defendant's damages expert disclosures shall be made on or before November 3, 2023.

(c) Any expert disclosures for purposes of rebuttal shall be served within 30 days of service of the report being rebutted.   Rebuttal experts identified and disclosed under Fed. R. Civ. P. 26(a)(2)(B) are limited to those persons expected to be called as experts to contradict, rebut, or impeach expert opinions on new subject matter identified by another party which could not reasonably have been anticipated at the time of the initial expert disclosures.

**3.    Motions to Amend or Add Parties**

The parties propose they be permitted to join additional parties or amend their pleadings, as a matter of right, by March 10, 2023.   Thereafter, the parties may amend only with leave of the Court pursuant to the Federal Rules of Civil Procedure.

**4.    Motions to Dismiss and Motions for Summary Judgment**

Motions to dismiss and motions for summary judgment motions shall be filed by February 2, 2024, and any response briefs shall be filed on or before February 23, 2024.

**(C)     Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

All relevant information that is requested through discovery that is not privileged will be produced, which information may include electronically stored information.   It is not anticipated that this case will involve complex discovery regarding electronically stored information, and the parties do not anticipate any difficulty with this issue.

**(D)     Any issues about claims of privilege or of protection as to trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.**

The parties will assert any privilege they deem appropriate at the time of their initial disclosures or discovery responses.   If, however, any party later discovers that privileged information was inadvertently disclosed, the party will notify the other party of the claim of privilege as soon as possible after discovering the inadvertent disclosure.

**(E)     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties are not proposing a change to the limitations imposed by either the Federal or Local Rules at this time.

**(F)     Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties do not anticipate any other orders that the Court needs to enter at this time.

DATED this 25th day of January, 2023.

/s/Abbie Cziok
Assistant U. S. Attorney
Attorney for Defendant USA

/s/ Timothy M. Bechtold
Attorney for Plaintiff
