IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BLOSSOM OLD BULL, Personal Representative of the Estate of Braven Glenn,<br><br>             Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, PAMELA KLIER, and Does 1-9,<br><br>             Defendants. | CV 22-109-BLG-KLD<br><br><br><br>ORDER |

Defendant Pamela Klier moves to dismiss the Second Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). For the reasons stated below, Klier's motion to dismiss for lack of subject matter jurisdiction is granted.

I.   **Background**

Plaintiff Blossom Old Bull is the surviving mother and personal representative of the Estate of Braven Glenn, who died in a motor vehicle crash on November 24, 2020, while being pursued at high speeds by tribal police on the Crow Indian Reservation, including Klier. (Doc. 17 at ¶¶ 1, 11). At all pertinent

times, Klier was acting within the course and scope of her employment as a tribal police officer. (Doc. 17 at ¶¶ 32-34; 59).

Old Bull commenced this action against the Defendant United States of America in October 2022 (Doc. 1), and later amended her complaint to add Klier as a defendant (Doc. 17). The Second Amended Complaint includes claims under 42 U.S.C. § 1983, a claim for violations of the Montana Constitution, and a state law negligence claim. (Doc. 17 at 8-12).

**II.     Legal Standard**

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted. "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coalition v. United States Environmental Protection Agency*, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007).

A facial challenge to the jurisdictional allegations is one which contends that the allegations "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The success of a facial challenge to jurisdiction depends on the allegations in the complaint, and does not involve the resolution of a factual dispute. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). When considering such a facial challenge, the court takes

the factual allegations in the complaint as true and construes them in the in the light most favorable to the plaintiff. *Wolfe*, 392 F.3d at 362.

### III.  Discussion

Klier argues the allegations in the Second Amended Complaint are insufficient on their face to establish federal subject matter jurisdiction. Taking the allegations in the Second Amended Complaint as true, Klier asserts that she is entitled to tribal sovereign immunity and all claims asserted against her must be dismissed for lack of subject matter jurisdiction.

Klier filed her motion to dismiss on March 10, 2023, and Old Bull's response was due 21 days later, on March 31, 2023. Local Rule 7.1(d)(1)(B)(i). As of the date of this Order, Old Bull has not filed a brief in response to Klier's motion. Local Rule 7.1(d)(1)(B) provides that "failure to file a response brief may be deemed an admission that the motion is well-taken." Consistent with the applicable Local Rule, the Court takes Old Bull's failure to file a response brief as an admission that Klier's motion to dismiss for lack of subject matter jurisdiction is well-taken.

Additionally, Klier's motion is well-taken on the merits. The Ninth Circuit has held that "[t]ribal sovereign immunity 'extends to tribal officials when acting in their official capacity and within the scope of their authority.'" *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 727 (9th Cir. 2008) (quoting *Linneen v.*

*Gila River Indian Community*, 276 F.3d 489, 492 (9th Cir. 2002)). Tribal sovereign immunity is jurisdictional. *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1015-16 (9th Cir. 2007) (recognizing that "tribal immunity precludes subject matter jurisdiction in an action against an Indian tribe").

Because the Second Amended Complaint alleges that Klier was at all times acting within the course of scope of her employment as a tribal police officer, and it appears that Klier is sued only in her official capacity, Klier is entitled to tribal sovereign immunity and this Court does not have subject matter jurisdiction over the claims asserted against her.

### IV. Conclusion

For the reasons explained above, and without any opposition from Plaintiff,

IT IS ORDERED that Klier's Rule 12(b) Motion to Dismiss (Doc. 20) for lack of subject matter jurisdiction is GRANTED and Klier is dismissed from this action.

DATED this 26th day of April, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge